No. 12,701.

S. W. VANCE VS. FIRST NATIONAL BANK.

SYLLABUS.

Interests on amount due are to be computed from the respective dates that these amounts were recognized as due.

Vance vs. First National Bank.

A debtor whose property is covered by a deed of trust is bound to see to the payment of the taxes, and if it be sold for taxes, he has no claim for its value against his mortgagee or trustees.

The rank of mortgages remains unchanged (to the extent that the notes are open to equities) if both creditors hold notes secured by those mortgages transferred after maturity.

The question growing out of a note transferred before maturity, secured as to its payment by mortgage was postponed, in order that values might be established contradictorily with all parties concerned who were not before the court.

ON APPEAL from the Second Judicial District Court for the Parish of Bossier. *Watkins, J:*

*Leonard & Randolph* for Syndic, Plaintiff and Appellee.

*Wise & Herndon* for Defendant, Appellant.

Argued and submitted June 2, 1898.
Opinion handed down November 21, 1898.
Rehearing refused January 9, 1899.

The opinion of the court was delivered by

BREAUX, J.· This case was remanded for the trial of issues as directed. Vance vs. Bank, 49 An. 378.

In the District Court, after it had been remanded, the judge pronounced judgment, holding that an amount of ten thousand dollars loaned had not been paid.

That the lands in Arkansas, covered by a deed of trust given by S. W. Vance to S. J. Zeigler, are worth seven hundred dollars, and that with that amount the latter should be charged.

That the value of two mortgage notes for six thousand dollars to be charged against Zeigler was ten thousand dollars.

The court decreed that the sum of ten thousand seven hundred dol-

Vance vs. First National Bank.

lars be charged to Zeigler, and credited to Vance, and that that amount be added to the credits heretofore allowed to S. W. Vance.

From the judgment the defendant appealed.

We take up, in the first place, the question of accounts between Vance and Zeigler.

Both, counsel for plaintiff and counsel for defendant, agree as to the amount of total debits against S. W. Vance.

In each brief it was put down as being $23,581.40.

The only difference is that the former, the plaintiff, arrives at a balance without a further computation of interest, while the latter claims interest from the time the respective amounts became due. Upon his basis, plaintiff arrives at the following result:

April 7, 1892, total debits..............................$23,581 40
April 7, 1892, total credits .........................$17,403 17
                                                        _____
April 7, 1892, balance against Vance ...................$6,178 23

Defendant claims a larger amount of interest. In our view interest at five per cent. should be calculated on the respective amounts allowed by our decree, and not previously allowed by Zeigler or Vance; that is, five per cent. interest should be computed on ten thousand five hundred and eleven (11-100) dollars from February 20, 1890, to April 7, 1892, and from the last mentioned date legal interest to be computed in balance after having deducted credit of seventeen thousand four hundred and three (19-100) dollars.

Fees of attorney, on balance due, was allowed in our first decision.

We are brought to the question of the amount to be allowed for the lands in Arkansas. They were, as we understand, covered by a deed of trust. They were sold for taxes after the deed of trust had been given. These taxes were due by the pledgor Vance, and in consequence of his failing to pay the taxes, the lands had no value to the pledgee or mortgagee. The deeds of trust, in the absence of evidence of the law of Arkansas upon the subject, are considered similar to our civil law mortgages.

We take up, next in order, the mortgage for twelve thousand dollars. now held by the Merchants' and Farmers' Bank as collateral security. We infer that in fixing the value of this claim, the judge of the

District Court did not take into account the fact that those lands are burdened with mortgages.

To the amount of one note of six thousand dollars, secured as to its payment by the mortgage just mentioned, the two transferrees of Vance are in the same position; that is, the Merchants' and Farmers' Bank is a transferree of this note after maturity, and as to its notes the defendant also is a transferree after maturity. These claims being subject to the equities in our view, the rank of the respective mortgages, as relate to these claims, remains unchanged.

For the purpose of illustration, let us assume that "A" holds notes transferred after maturity, save one. "B" also holds notes transferred to him after maturity. These notes are all secured by mortgage, but "B" holds a mortgage prior in rank; we take it that that mortgage does not lose its rank when opposed by a mortgage second in rank, represented by note transferred after maturity. "C" the common debtor is not in a position to claim a prior right for "A" as relates to the note transferred after maturity.

The rank of a mortgage is not changed by the fact that a creditor holds a mortgage second in rank, securing a note transferred to him .after maturity, as against a creditor who holds from the common debtor. It follows that from the value of the property is to be deducted the amount, proportionately, of this mortgage.

In our first decision, we said: "In establishing the value of these notes due regard is to be given to the rank of mortgages, not affected by the rules of the commercial law relating to securities subject to ·equities."

The contest will arise between the holders of these notes.

Vance being insolvent has no interest in the matter.

In our judgment no preference can be obtained by plaintiff for one ·of his creditors, the Merchants' and Farmers' Bank, as relates to the note transferred to it after maturity and to that extent the value of the property is affected. In our view a creditor cannot properly be charged with the values of property to the extent to which he, as a ·creditor having a mortgage, has an interest.

As to the note held by the Merchants' and Farmers' Bank, transferred prior to maturity, the question is left to be determined when the parties in interest will be before the court, also the question of ·rank of mortgages.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed.

It is ordered and adjudged that defendant have judgment against the plaintiff, S. W. Vance, for the sum of twenty-three thousand, five hundred and eighty-one (40-100) dollars, with interest and attorney's fee as before indicated and subject to credit, in amount and date, as before stated, and that costs of appeal be paid by appellee.

It is ordered and adjudged that as relates to the note of six thousand dollars, transferred after maturity, held by the Merchants' and Farmers' Bank, the mortgage by which it is secured as to its payment has no preference over defendant's mortgage first in rank and that to the extent of its value, as between the parties here, the value of the property mortgaged is decreased.

It is decreed that as relates to the note transferred before maturity, held by the Merchants' and Farmers' Bank, and the mortgage by which it is secured on the one hand, and the notes held by defendant, after maturity, and the mortgage by which it is secured, the question of respective rights be postponed until the parties in interest are before the court.

It is further ordered that the property mortgaged be seized and sold to pay and satisfy the claims due.

BLANCHARD, J., recused on the ground of interest in result.